UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY C. LOVE<br>5165 Joseph Street<br>Maple Heights, OH  44137 | ) ) ) | CASE NO. |
| | ) | JUDGE |
| and | ) ) | |
| DUNJA BIGGINS<br>5059 Erwin Street<br>Maple Heights, OH  44137 | ) ) ) ) | |
| and | ) ) | **COMPLAINT** |
| BRANDON VASON<br>20000 McCracken Road<br>Maple Heights, OH  44137 | ) ) ) ) | ***[Jury Demand Endorsed Hereon]*** |
| Plaintiffs | ) ) ) | |
| vs. | ) ) | |
| CITY OF CLEVELAND, OHIO<br>c/o Law Director, Robert Triozzi<br>Cleveland City Hall<br>601 Lakeside Avenue, Room 106<br>Cleveland, OH  44114 | ) ) ) ) ) | |
| and | ) ) | |
| CALVIN WILLIAMS, CITY OF<br>CLEVELAND CHIEF OF POLICE<br>1300 Ontario Avenue<br>Cleveland, OH  44114 | ) ) ) ) ) | |
| and | ) ) | |
| _____ | ) | |

VINCENT MONTAGUE                        )
c/o Calvin Williams, Chief of Police    )
1300 Ontario Avenue                     )
Cleveland, OH  44114                    )
                                        )
        and                             )
                                        )
JOHN DOE CITY OF CLEVELAND              )
POLICE OFFICERS                         )
c/o Calvin Williams, Chief of Police    )
1300 Ontario Avenue                     )
Cleveland, OH  44114                    )
                                        )
                    Defendants          )

        Now come Plaintiffs, Gregory Love, Dunja Biggins, and Brandon Vason and for

their Complaint against the above-named Defendants state and aver:

## NATURE OF THE ACTION

        1.      This is a civil rights action stemming from incidents that occurred in the

City of Cleveland, Cuyahoga County, Ohio, during the morning hours of June 23, 2013,

including, but not limited to the following: (1) Gregory Love was assaulted, battered,

wrongfully/falsely arrested, subjected to excessive force, and subjected to the

intentional and/or reckless infliction of emotional distress by law enforcement officers

employed by the City of Cleveland, Ohio; (2) Dunja Biggins was assaulted and

subjected to the intentional infliction of emotional distress by law enforcement officers

employed by the City of Cleveland, Ohio; and (3) Brandon Vason was assaulted,

battered, wrongfully/falsely arrested, subjected to excessive force, and subjected to the

intentional infliction of emotional distress by law enforcement officers employed by the

City of Cleveland, Ohio.  As a direct and proximate result of the actions and inactions of

the Defendants, Plaintiffs were deprived of their civil and constitutionally guaranteed

rights and have endured, and continue to endure, physical and emotional pain and

suffering.  Plaintiffs Gregory Love, Dunja Biggins, and Brandon Vason seek compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation.

2.      Plaintiff Gregory Love asserts claims under 42 U.S.C. § 1983 for violations of his right to be free from unreasonable searches and seizures, excessive force, and wrongful/false arrest under the protection of the Fourth and/or Fourteenth Amendments to the United States Constitution.  Plaintiff Gregory Love asserts Section 1983 claims against the City of Cleveland and Calvin Williams, in his Official Capacity, as Chief of the City of Cleveland Police Department, for failure to properly train and/or supervise law enforcement and for promulgating customs, policies, and/or practices, which proximately caused the violation of Plaintiff Gregory Love's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and its progeny.  Gregory Love also asserts pendant state law claims for assault and battery, wrongful/false arrest, and intentional infliction of emotional distress.

3.      Plaintiff Brandon Vason asserts claims under 42 U.S.C. § 1983 for violations of his right to be free from unreasonable searches and seizures, excessive force, and wrongful/false arrest/imprisonment under the protection of the Fourth Amendment to the United States Constitution.  Plaintiff Brandon Vason asserts Section 1983 claims against the City of Cleveland, Ohio and Calvin Williams, in his Official Capacity, as Chief of the City of Cleveland Police Department, for failure to properly train and/or supervise law enforcement and for promulgating customs, policies, and/or practices, which proximately caused the violation of his federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658

(1978) and its progeny.  Brandon Vason also asserts pendant state law claims for assault and battery, wrongful/false arrest/imprisonment, and intentional infliction of emotional distress.

4.      Plaintiff Dunja Biggins asserts Ohio common law claims for assault and intentional and/or reckless infliction of emotional distress.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.      Pendant jurisdiction over state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

7.      The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

9.      Joinder of Plaintiffs claims is proper pursuant to Fed.R. Civ.P. 20(a) because Plaintiffs' claims arise from the same transaction/incident(s) or series of transactions/incident(s) and share common issues of law and fact.

## PARTIES

10.      Plaintiff Gregory Love is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

11.     Plaintiff Brandon Vason is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

12.     Plaintiff Dunja Biggins is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

13.     Defendant Vincent Montague is, and was at all times relevant, a law enforcement officer employed by the City of Cleveland, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Cleveland and Chief Williams.  Defendant Montague is a "person" under 42 U.S.C. § 1983.  Defendant Montague is sued herein in his individual and official capacities.

14.     Defendant City of Cleveland, Ohio is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio, Eastern Division, and acting under the color of law.  Defendant City of Cleveland, Ohio is a "person" under 42 U.S.C. § 1983.

15.     Defendant Calvin Williams ("Chief Williams") is the Chief of Police for the City of Cleveland, Ohio, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, with the ability to sue and be sued, residing in the Northern District of Ohio, Eastern Division.  Defendant Chief Williams is responsible for the administration, operation, training, and supervision of law enforcement officers and personnel of the City of Cleveland Police Department and for

5

the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, acting under color of law.  Defendant Chief Williams is a "person" under 42 U.S.C. § 1983.  Defendant Chief Williams is sued herein in his Official Capacity.

16.    Plaintiffs are informed and believe and allege thereon that at all times relevant to this action, other City of Cleveland Police Officers ("John Doe Police Officers") were employed by the City of Cleveland, were acting within the course and scope and in furtherance of their employment with the City of Cleveland, Ohio, and Defendant Chief Williams and were acting under color of law. John Doe Police Officers are "persons" under 42 U.S.C. § 1983.  Despite diligent efforts, Plaintiffs have been unable to identify the names of these John Doe Police Officers.  John Doe Police Officers are identified on the video that is attached to this Complaint as Exhibit A.[1] Plaintiffs anticipate the names of the John Doe Police Officers to be revealed during discovery in this matter.  Defendants John Doe Police Officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

17.    Defendant Vincent Montague worked as a City of Cleveland Police Officer from 10:00 p.m. on Saturday June 22, 2013 through 8:00 a.m. on Sunday July 23, 2013.

18.    Defendant Montague was assigned to the Third District, Downtown Services Unit and detailed at West 6th Street and St. Clair Avenue in Cleveland, Ohio on June 22, 2013 and June 23, 2013.

---

[1] A traffic camera positioned at the corner of West Sixth Street and St. Clair Avenue captured portions of the incident(s) at issue in this case.  References made in this Complaint to time in the form of 00:00:00 are made in reference to the time stamp on the video that is attached as Exhibit A.

19.     Defendant Montague was carrying a Glock Model 17 9mm handgun ("Service Weapon") during times relevant to this lawsuit on June 22, 2013, and June 23, 2013.

20.     Plaintiffs Gregory Love and Dunja Biggins were occupants of a silver 2003 Range Rover sport utility vehicle ("SUV") on the morning of June 23, 2013.  Gregory Love was the driver of the automobile.  Dunja Biggins was at all times seated in the front passenger seat.  The windows in the SUV were open throughout the events that form the basis of this lawsuit.

21.     Prior to the incident that forms the basis of this lawsuit, Greg Love and Dunja Biggins travelled westbound on St. Clair Avenue in the SUV.

22.     Multiple automobiles that were travelling westbound on St. Clair Avenue turned right off of St. Clair Avenue onto northbound West 6th Street, including a black colored vehicle at 2:27:24 a.m. and a white colored four door vehicle at 2:27:32 a.m.

23.     At 2:27:34 a.m., just two seconds after the prior vehicle turned right onto northbound West 6th Street, Gregory Love turned the SUV northbound on West 6th Street off of St. Clair Avenue as the other vehicles had done just moments earlier.

24.     As the SUV was turning onto West 6th Street, Defendant Montague stepped into the roadway of West 6th Street preventing the SUV from travelling northbound on West 6th Street.

25.     Defendant Montague stated that the SUV could not proceed northbound on West 6th Street as the other vehicles had done.  When Plaintiffs asked why their vehicle could not travel in the same direction and along the same path as the other vehicles, Defendant Montague did not verbally respond.

7

26.     Defendant Montague stood in the roadway preventing the SUV from travelling for approximately one minute and thirty seconds.

27.     At approximately 2:29:04 a.m., Greg Love slowly backed the SUV he was driving onto St. Clair Avenue in an effort to resume travelling westbound on St. Clair Avenue.   By this time, however, there were many pedestrians in or around the area of West 6th Street and St. Clair Avenue.   The presence of these individuals prevented Greg from moving the SUV through the intersection.

28.     At just before 2:30:00 a.m., Defendant Montague, who was dressed in a dark colored City of Cleveland Police Department uniform, quickly approached the passenger side of the SUV where Dunja Biggins was seated with the window rolled down.

29.     Defendant Montague drew his Service Weapon in his left hand and continued to walk in front of the SUV, which was stopped at the intersection of West 6th Street and St. Clair Avenue.

30.     Both Gregory Love and Dunja Biggins were secured in the SUV by seatbelts, had their hands raised above their heads, and remained still.   Neither Greg Love nor Dunja Biggins made any sudden or furtive gestures or movements.

31.     Defendant Montague pointed the muzzle of the Service Weapon at Greg Love and Dunja Biggins and threatened deadly force.

32.     Defendant Montague stuck one arm inside of the SUV through the driver's window in an apparent effort to remove the keys from the ignition.   The Service Weapon remained positioned in Defendant Montague's other hand and pointed at Greg Love and Dunja Biggins.

33.     After failing to locate the keys with his hand, Defendant Montague took a few steps back, pointed the muzzle of the Service Weapon at Greg Love and Dunja Biggins, and opened fire into the cabin of the SUV at just after 2:30:00 a.m. on June 23, 2013.  Dunja Biggins and Greg Love remained seated in the front seat of the SUV, restrained by seatbelts, with their hands raised above their heads.

34.     Dunja Biggins screamed in fear and shock. She feared that Defendant Montague would shoot or had shot her.

35.     Greg Love was shot through the right upper chest.  The bullet exited the opposite side of his body and lodged into the underside of his right upper arm.

36.     Neither Gregory Love nor Dunja Biggins possessed any weapons on June 23, 2013.

37.     Gregory Love and Dunja Biggins' conduct did not suggest that they posed any threat to City of Cleveland law enforcement officers or the general public.

38.     After shooting Greg Love, Defendant Montague radioed "shots fired." Within moments of this radio transmission, additional City of Cleveland law enforcement officers arrived at the area of West 6th Street and St. Clair Avenue.

39.     Gregory Love was forcibly removed from the vehicle and placed in handcuffs by City of Cleveland police officers for a period of several minutes.  Blood from the gunshot wound began to cover his clothing.  His freedom of movement continued to be restrained by Defendant Montague and the John Doe Cleveland Police Officer Defendants.

40.     Brandon Vason was a bystander and witness who was crossing West 6th Street when he observed Defendant Montague open fire into the cabin of the SUV while

Dunja Biggins and Greg Love were seated inside, restrained by seatbelts, with their hands raised above their heads.

41.     When Defendant Montague shot Greg Love through his right upper chest, Brandon Vason approached the passenger side of the vehicle – but at all times remained several feet from the SUV.   Brandon Vason made several verbal attempts to encourage City of Cleveland Police Officers to contact emergency medical services ("EMS") for Greg Love and Dunja Biggins, including specifically instructing them to call an ambulance.

42.     By this time, no less than seven (7) City of Cleveland Police Officers had responded to the area of West 6th Street and St. Clair Avenue where Defendant Montague had shot Greg Love through the right upper chest.

43.     A John Doe Cleveland Police Officer Defendant approached Brandon Vason from the front of the SUV and pushed Brandon Vason with his right hand/arm knocking Brandon into the crowd of people that had gathered in the area where Defendant Montague shot Greg Love.

44.     This same John Doe City of Cleveland Police Officer Defendant began shoving, grabbing, and pushing Brandon Vason, whose only involvement in this matter was verbally requesting that EMS be called for Greg Love and Dunja Biggins.

45.     At 2:33:17 a.m., the same John Doe City of Cleveland Police Officer Defendant approached Brandon Vason and punched Brandon in the back of the head causing him to fall forward.

46.     This John Doe City of Cleveland Police Officer Defendant – along with two other John Doe City of Cleveland Police Officer Defendants – threw Brandon Vason

onto the ground.  Once on the ground and after being surrounded and smothered by John Doe City of Cleveland Police Officer Defendants, these Defendants began kicking and striking Brandon at approximately 2:33:26 a.m. on June 23, 2013.

47.    Brandon Vason was seized by John Doe City of Cleveland Police Officer Defendants.  Brandon was handcuffed, taken into custody, placed in the back of a City of Cleveland squad car, was subjected to the will of John Doe City of Cleveland Police Officer Defendants and driven from the scene of the shooting at West 6th Street and St. Clair Avenue to a location several blocks away.  Brandon Vason did believe, and it was reasonable for him to believe, that he was under arrest and not free to leave.

48.    After being handcuffed and restrained in the back of a City of Cleveland squad car, Brandon was driven several blocks away and instructed to exit the vehicle. He has not been charged with a crime or given an explanation as to why he was seized by John Doe City of Cleveland Police Officer Defendants.

49.    EMS arrived at the scene of the shooting.  Gregory Love was transported to Metro Health Medical Center in Cleveland, Ohio, where he was treated for a gunshot wound to the right upper chest.

50.    City of Cleveland law enforcement officers travelled to MetroHealth Medical Center where they photographed him, interrogated him, and prevented him from leaving the facility for a period of several hours.

**FIRST CLAIM FOR RELIEF**
**(Gregory Love 42 U.S.C. § 1983 Against Defendant Montague for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)**

51.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

52.     At the aforementioned time and place, Defendant Montague, acting under color of law and within the course and scope of his employment as a law enforcement officer with the City of Cleveland, Ohio used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff Gregory Love in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

53.     Defendant Montague's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

54.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Plaintiff Greg Love's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

55.     Defendant Montague callously and recklessly disregarded Greg Love's federally protected rights.

56.     As a direct and proximate result of Defendant Montague's uses of force in violation of Plaintiff Greg Love's clearly established Fourth and/or Fourteenth Amendment rights, Plaintiff Greg Love was forced to endure and suffer, and continues

to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Greg Love prays for judgment against Defendant Montague for:

a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff Gregory Love for his injury, damage, and loss;

b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.    All such other relief to which Plaintiff Gregory Love is entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Gregory Love 42 U.S.C. § 1983 Against Defendant Montague and the John Doe Defendants City of Cleveland Police Officers for False/Wrongful Arrest/Imprisonment in Violation of the Fourth Amendment)**

57.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

58.    Defendant Montague and the John Doe Defendants City of Cleveland Police Officers lacked probable cause for the warrantless arrest and seizure of Plaintiff Gregory Love on June 23, 2013.

59.    Gregory Love was detained and held by Defendant Montague and the John Doe Defendants City of Cleveland Police Officers against his will and without lawful justification on June 23, 2013, through the time he was released after his arrest.

60.    Defendant Montague and the John Doe Defendants City of Cleveland Police Officers, acting under color of law and within the course, scope, and in

furtherance of their employment as law enforcement officers with the City of Cleveland, Ohio and/or Chief Williams, detained, arrested, and held Plaintiff Greg Love against his will without probable cause or lawful justification in violation of Plaintiff's clearly established rights guaranteed under the Fourth Amendment.

61.     In arresting, detaining, or otherwise holding Plaintiff Greg Love against his will under the circumstances at issue, Defendant Montague and the John Doe Defendants City of Cleveland Police Officers acted wantonly, willfully, recklessly, without justification, and maliciously, warranting the imposition of exemplary punitive damages.

62.     Faced with the circumstances present on June 23, 2013, reasonably prudent law enforcement officers/personnel would or should have known that arresting, detaining and/or holding Plaintiff Greg Love against his will violated his clearly established Fourth Amendment rights.

63.     As a direct and proximate result of his unlawful/wrongful/false arrest, Plaintiff Gregory Love was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Greg Love prays for judgment against Defendant Montague and the John Doe Defendants City of Cleveland Police Officers, jointly and severally, for:

> a.    Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;
>
> b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;
>
> c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

      d.     All such other relief which the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

**(Gregory Love 42 U.S.C. § 1983 Against Defendants City of Cleveland, Ohio and Chief Williams, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth Amendment)**

64.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

65.    Plaintiffs are informed and believe and allege thereon that Defendant Montague and/or several other City of Cleveland law enforcement officers, including, but not limited to the John Doe Defendants City of Cleveland Police Officers have a history of violating citizens' constitutional rights, making unreasonable searches and seizures, using excessive force, making warrantless arrests without probable cause, and arresting and charging citizens with criminal offenses that are not supported by probable cause, about which Defendants Chief Williams and City of Cleveland, Ohio, are, and were at all times relevant, aware.

66.    On information and belief, Defendant Chief Williams failed to adequately and properly train and/or supervise Defendant Montague and the John Doe Defendants City of Cleveland Police Officers.

67.    Defendant Williams ratified Defendant Montague and the John Doe Defendants City of Cleveland Police Officers' conduct described herein.

68.    On information and belief, Defendants Chief Williams and City of Cleveland, Ohio, implemented customs and policies for training and supervision of City of Cleveland police officers on searches, seizures, and lawful arrests that, on their face, violate the Fourth Amendment.  Alternatively, on information and belief, Defendants

15

Chief Williams and City of Cleveland, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of the City of Cleveland, Ohio, including Plaintiff Gregory Love.

69.     As a direct and proximate result of Defendants Chief Williams and City of Cleveland, Ohio's customs, policies, and practices described herein, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to and do occur, Plaintiff Gregory Love was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Gregory Love prays for judgment against Defendants Chief Williams, in his Official Capacity, and City of Cleveland, Ohio, jointly and severally, for:

a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c.     All such other relief which the Court deems appropriate.

### **FOURTH CLAIM FOR RELIEF**
**(Gregory Love Common Law Assault and Battery Against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

70.     Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

71.     On June 23, 2013, Defendant Montague threatened bodily harm against Gregory Love which caused him to be in fear of imminent peril and death.

72.     On June 23, 2013, Defendant Montague had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Gregory Love.

73.     At all times relevant, Defendant Montague was acting within the course, scope, and in furtherance of his employment with Defendants Williams, in his Official Capacity, and the City of Cleveland, Ohio, rendering Defendants Chief Williams, in his Official Capacity, and City of Cleveland, Ohio, vicariously liable for his conduct.

74.     Defendant Montague assaulted and battered Greg Love with malicious purpose, in bad faith, or in a reckless or wanton manner.

75.     As a direct and proximate result of being assaulted and battered by Defendant Montague, Greg Love was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Gregory Love prays for judgment against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

a.      Compensatory damages in an amount that will fully and fairly compensate Plaintiff Greg Love for his injury, damage, and loss;

b.      Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.      Costs of suit and reasonable attorneys' fees; and

d.      All such other relief to which Plaintiff Greg Love is entitled and/or the Court deems appropriate.

## **FIFTH CLAIM FOR RELIEF**

**(Gregory Love Common Law False/Wrongful Arrest Against Defendants Montague, the John Doe Defendants City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

76.     Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

77.     Defendant Montague and the John Doe Defendants City of Cleveland Police Officers were acting within the course, scope, and in furtherance of their employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, and did intentionally confine and detain Plaintiff Greg Love within a limited area on June 23, 2013, and cause him to be confined against his will and without probable cause and/or lawful justification or privilege.

78.     Defendant Montague and the John Doe Defendants City of Cleveland Police Officers acted with malicious purpose, in bad faith, or in a reckless or wanton manner.

79.     As a direct and proximate result of his false/wrongful arrest, Plaintiff Greg Love was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Greg Love prays for judgment against Defendants Montague, the John Doe Defendants City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

        a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

        b.     Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

        c.     Costs of suit and reasonable attorneys' fees; and

    d.     All such other relief which the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF
**(Gregory Love Common Law Intentional Infliction of Emotional Distress Against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

80.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

81.    Defendant Montague either intended to cause emotional distress or knew or should have known that his actions would result in serious emotional distress to Plaintiff Gregory Love.

82.    Defendant Montague's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

83.    As a direct and proximate result of  Defendant Montague's actions, Plaintiff Gregory Love suffered  psychic injury; and the mental anguish suffered by Gregory Love is serious and of a nature that no reasonable person could be expected to endure.

84.    Defendant Montague was acting within the course, scope, and in furtherance of his employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity.

**WHEREFORE,** Plaintiff Greg Love prays for judgment against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b. Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief which the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF
### (Brandon Vason 42 U.S.C. § 1983 Against John Doe City of Cleveland Police Officers for Excessive Force in Violation of the Fourth Amendment)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

86.     At the aforementioned time and place, Defendant John Doe City of Cleveland Police Officers acting under color of law and within the course and scope of their employment as law enforcement officers with the City of Cleveland, Ohio, and Chief Williams used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff Brandon Vason in violation of his clearly established rights guaranteed by the Fourth Amendment to the United States Constitution.

87.     Defendant John Doe City of Cleveland Police Officers' use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

88.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Plaintiff Brandon Vason's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

89.     Defendant John Doe City of Cleveland Police Officers callously and recklessly disregarded Brandon Vason's federally protected rights.

90.     As a direct and proximate result of Defendant John Doe City of Cleveland Police Officer's uses of force in violation of Plaintiff Brandon Vason's Fourth Amendment rights, Plaintiff Brandon Vason was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendant John Doe City of Cleveland Police Officers for:

a.   Compensatory damages in an amount that will fully and fairly compensate Plaintiff Brandon Vason for his injury, damage, and loss;

b.   Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.   Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.   All such other relief to which Plaintiff Brandon Vason is entitled and/or the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF
**(Brandon Vason 42 U.S.C. § 1983 Against Defendant John Doe City of Cleveland Police Officers for False/Wrongful Arrest in Violation of the Fourth Amendment)**

91.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

92.     Defendant John Doe City of Cleveland Police Officers lacked probable cause for their warrantless arrest and seizure of Plaintiff Brandon Vason on June 23, 2013.

93.     Brandon Vason was detained and held by Defendant John Doe City of Cleveland Police Officers against his will and without lawful justification on June 23, 2013, through the time he was released after his arrest.

94.     Defendant John Doe City of Cleveland Police Officers, acting under color of law, and within the course, scope, and in furtherance of their employment as law enforcement officers with the City of Cleveland, Ohio, and/or Chief Williams, detained, arrested, and held Plaintiff Brandon Vason against his will without probable cause or lawful justification in violation of Plaintiff Brandon Vason's clearly established rights guaranteed under the Fourth Amendment.

95.     In arresting, detaining, or otherwise holding Plaintiff Brandon Vason against his will under the circumstances at issue, Defendant John Doe City of Cleveland Police Officers acted wantonly, willfully, recklessly, without justification, and maliciously, warranting the imposition of exemplary punitive damages.

96.     Faced with the circumstances present on June 23, 2013, reasonably prudent law enforcement officers/personnel would or should have known that arresting, detaining and/or holding Plaintiff Brandon Vason against his will violated his clearly established Fourth Amendment rights.

97.     As a direct and proximate result of his unlawful/wrongful/false arrest, Plaintiff Brandon Vason was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendant John Doe City of Cleveland Police Officers for:

      a.     Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b.     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.     All such other relief which the Court deems appropriate.

## NINTH CLAIM FOR RELIEF
**(Brandon Vason 42 U.S.C. § 1983 Against Defendants City of Cleveland, Ohio and Chief Williams, in his Official Capacity, for Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth Amendment)**

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

99.     Plaintiffs are informed and believe and allege thereon that Defendant John Doe City of Cleveland Police Officers and/or several other City of Cleveland law enforcement officers have a history of violating citizens' constitutional rights, making unreasonable searches and seizures, making warrantless searches, entries, and arrests without probable cause, and arresting and charging citizens with criminal offenses that are not supported by probable cause, about which Defendants Chief Williams and City of Cleveland, Ohio are, and were at all times relevant, aware.

100.     On information and belief, Defendant Chief Williams failed to adequately and properly train and/or supervise Defendant John Doe City of Cleveland Police Officers.

101.     Defendant Chief Williams ratified Defendant John Doe City of Cleveland Police Officers' conduct described herein.

102.     On information and belief, Defendants Chief Williams and City of Cleveland, Ohio, implemented customs and policies for training and supervision of City

of Cleveland police officers on searches, seizures, and arrests supported by probable cause that, on their face, violate the Fourth Amendment.  Alternatively, on information and belief, Defendants Chief Williams and City of Cleveland, Ohio, implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of the City of Cleveland, Ohio, including Plaintiff Brandon Vason.

103.   As a direct and proximate result of Defendants Chief Williams and City of Cleveland, Ohio's customs, policies, and practices described herein, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to and do occur, Plaintiff Brandon Vason was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendants Chief Williams, in his Official Capacity, and City of Cleveland, Ohio, jointly and severally, for:

   a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

   b. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   c. All such other relief which the Court deems appropriate.

### TENTH CLAIM FOR RELIEF
**(Brandon Vason Common Law Assault and Battery Against Defendants John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

24

104.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

105.    On June 23, 2013, Defendant John Doe City of Cleveland Police Officers threatened bodily harm against Brandon Vason which caused him to be in fear of imminent peril and death.

106.    On June 23, 2013, Defendant John Doe City of Cleveland Police Officers had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Brandon Vason.

107.    At all times relevant, Defendant John Doe City of Cleveland Police Officers were acting within the course, scope, and in furtherance of their employment with Defendants Chief Williams, in his Official Capacity, and the City of Cleveland, Ohio rendering Defendants Chief Williams, in his Official Capacity, and City of Cleveland, Ohio, vicariously liable for his conduct.

108.    Defendant John Doe City of Cleveland Police Officers assaulted and battered Brandon Vason with malicious purpose, in bad faith, or in a reckless or wanton manner.

109.    As a direct and proximate result of being assaulted and battered by Defendant John Doe City of Cleveland Police Officers, Brandon Vason was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendant John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

25

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Brandon Vason for his injury, damage, and loss;

b. Punitive damages against Defendants John Doe Police Officers in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff Brandon Vason is entitled and/or the Court deems appropriate.

### ELEVENTH CLAIM FOR RELIEF
**(Brandon Vason Common Law False/Wrongful Arrest/Imprisonment Against Defendant John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

110. Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

111. Defendant John Doe City of Cleveland Police Officers were acting within the course, scope, and in furtherance of their employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, and did intentionally confine and detain Plaintiff Brandon Vason within a limited area on June 23, 2013, and cause him to be confined against his will and without probable cause and/or lawful justification or privilege.

112. Defendant John Doe City of Cleveland Police Officers acted with malicious purpose, in bad faith, or in a reckless or wanton manner.

113. As a direct and proximate result of his false/wrongful arrest, Plaintiff Brandon Vason was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendant John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

a.   Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b.   Punitive damages against Defendant John Doe Police Officers in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.   Costs of suit and reasonable attorneys' fees; and

d.   All such other relief which the Court deems appropriate.

## TWELFTH CLAIM FOR RELIEF
**(Brandon Vason Common Law Intentional Infliction of Emotional Distress Against Defendant John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

114.   Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

115.   Defendant John Doe City of Cleveland Police Officers either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to Plaintiff Brandon Vason.

116.   Defendant John Doe City of Cleveland Police Officers' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

117.   As a direct and proximate result of  Defendant John Doe City of Cleveland Police Officers' actions, Plaintiff Brandon Vason suffered psychic injury, and the mental anguish suffered by Brandon Vason was serious and of a nature that no reasonable person could be expected to endure.

118.   Defendant John Doe City of Cleveland Police Officers were acting within the course, scope, and in furtherance of their employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity.

**WHEREFORE,** Plaintiff Brandon Vason prays for judgment against Defendant John Doe City of Cleveland Police Officers, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

    b. Punitive damages against Defendant John Doe Police Officers in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees; and

    d. All such other relief which the Court deems appropriate.

### THIRTEENTH CLAIM FOR RELIEF
**(Dunja Biggins Common Law Assault Against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

119.   Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

120.   On June 23, 2013, Defendant Montague threatened bodily harm against Dunja Biggins which caused her to be in fear of imminent peril and death.

121.   On June 23, 2013, Defendant Montague had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch, injure and use deadly force against Greg Love – who was seated within feet of her.

122.   At all times relevant, Defendant Montague was acting within the course, scope, and in furtherance of his employment with Defendants Chief Williams, in his

Official Capacity, and the City of Cleveland, Ohio, rendering Defendants Chief Williams, in his Official Capacity, and City of Cleveland, Ohio, vicariously liable for his conduct.

123.    Defendant Montague assaulted Dunja Biggins with malicious purpose, in bad faith, or in a reckless or wanton manner.

124.    As a direct and proximate result of being assaulted by Defendant Montague, Dunja Biggins was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff Dunja Biggins prays for judgment against Defendant Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Dunja Biggins for her injury, damage, and loss;

b. Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff Dunja Biggins is entitled and/or the Court deems appropriate.

## FOURTEENTH CLAIM FOR RELIEF
**(Dunja Biggins Common Law Intentional Infliction of Emotional Distress Against Defendant Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

125.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

126. Defendant Montague either intended to cause emotional distress or knew or should have known that his actions would result in serious emotional distress to Plaintiff Dunja Biggins.

127. Defendant Montague's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

128. As a direct and proximate result of Defendant Montague's actions, Plaintiff Dunja Biggins suffered psychic injury, and the mental anguish suffered by Dunja Biggins was serious and of a nature that no reasonable person could be expected to endure.

129. Defendant Montague was acting within the course, scope, and in furtherance of his employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity.

**WHEREFORE,** Plaintiff Dunja Biggins prays for judgment against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate her for her injury, damage, and loss;

b. Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief which the Court deems appropriate.

## <u>FIFTEENTH CLAIM FOR RELIEF</u>
**(Dunja Biggins Common Law Negligent/Reckless Infliction of Emotional Distress Against Defendant Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity)**

130. Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

131.    Defendant Montague's reckless and intentional acts placed Dunja Biggins in immediate risk of physical impact and injury due to her close proximity to Greg Love when Defendant Montague opened fire into the SUV.

132.    Dunja Biggins feared for her own safety when Defendant Montague opened fire into the SUV.

133.    Defendant Montague was subjectively aware and disregarded the risk that shooting his Service Weapon into an occupied vehicle was likely to cause severe and substantial emotional injury to all occupants of the vehicle.

134.    Defendant Montague's actions were malicious, in bad faith, wanton, willful, and carried out in a reckless manner.

135.    As a direct and proximate result of Defendant Montague's actions, Plaintiff Dunja Biggins suffered psychic injury, and the mental anguish suffered by Dunja Biggins was serious and of a nature that no reasonable person could be expected to endure.

136.    Defendant Montague was acting within the course, scope, and in furtherance of his employment with Defendants City of Cleveland, Ohio, and Chief Williams, in his Official Capacity.

**WHEREFORE,** Plaintiff Dunja Biggins prays for judgment against Defendants Montague, City of Cleveland, Ohio, and Chief Williams, in his Official Capacity, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate her for her injury, damage, and loss;

b. Punitive damages against Defendant Montague in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

   d.  All such other relief which the Court deems appropriate.

**_TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED._**

DATED this 13th day of February 2014

                s/ Nicholas A. DiCello
                NICHOLAS A. DICELLO (0075745)
                MICHAEL A. HILL (0088130)
                **SPANGENBERG SHIBLEY & LIBER LLP**
                1001 Lakeside Avenue East, Suite 1700
                Cleveland, OH  44114
                (216) 696-3232
                (216) 696-3924 (FAX)
                _ndicello@spanglaw.com_
                _mhill@spanglaw.com_

                **_Counsel for Plaintiffs Gregory Love, Brandon Vason, and Dunja Biggins_**